TAYLOR *et al.,* receivers, *v.* SOLOMON, executor, *et al.*

PER CURIAM. 1. Where an assignment is made by an insolvent debtor for the benefit of creditors, any surplus remaining in the hands of the assignee after the payment of debts would revert by operation of law to the assignor. *Carey* v. *Giles,* 10 *Ga.* 9, 30; *Lay* v. *Seago,* 47 *Ga.* 82, 86; 2 Ruling Case Law, 712, § 64.

2. None of the grounds of demurrer are meritorious, and the judgment of the court overruling the same was not erroneous.

*Judgment affirmed. All the Justices concur.*

No. 2528. MARCH 1, 1922.

Intervention. Before Judge Mathews. Bibb superior court. February 21, 1921.

W. G. Solomon, executor, filed a petition seeking to intervene in the case of Schofield et al. v. Exchange Bank of Macon, pending in Bibb superior court, alleging that on November 13, 1894, C. H. Solomon executed to D. M. Nelligan, as assignee, a deed of assignment which was duly recorded, and which conveyed his entire stock of merchandise, notes, accounts, choses in action, etc., for the benefit of creditors; that the assignor died on August 30, 1895; that petitioner believes the debts due to preferred creditors were paid in full, and that those owing to unpreferred creditors, all of whom were firms or corporations non-resident of Georgia, were settled or satisfied by the assignee; that the assignee removed from Georgia about the year 1898, and, as petitioner is informed and believes, subsequently died, without leaving any record of his administration of the property and funds covered by said assignment; that after the appointment of receivers for the bank in 1907, petitioner learned that the bank held on deposit to the credit of Nelligan, as assignee of C. H. Solomon, $974.42; that dividends aggregating 90 per cent. of their balances have been paid to depositors, and payment of an additional 3 per cent has been ordered; that under the order of court providing for the payment of this dividend, which order at the time of the filing of the intervention was being published in the newspapers of the city of Macon, any claim to the dividends due upon the above-mentioned balance would be barred within ninety days from the date of the passage of the order, November 12, 1920, and the fund would be subject to distribution among creditors of the bank who had been diligent in asserting and proving their claims; that petitioner was named executor of the will of C. H. Solomon, but the will had not been

probated and he had not qualified as executor, and the estate, being inconsiderable, had been distributed by agreement between petitioner, two other brothers, and a sister of C. H. Solomon; that because of the death of the assignor and assignee and the lack of any record of the administration of the property assigned, together with the failure of the creditors of C. H. Solomon to lay claim to the above-mentioned balance or to bring suit on the bond of the assignee, the law will presume, after the lapse of the long period of time, that the trusts of the assignment have been satisfied and that the assignee duly performed the duties imposed upon him; that if there were any creditors who had not been paid, they had been guilty of such laches and negligence as would constitute a bar to any claim they might have to the balance mentioned; that petitioner, as executor of the will of C. H. Solomon, is entitled to the liquidating dividends due upon said balance as reversionary interest belonging to the estate of said testator; and that petitioner is without an adequate remedy at law. He prayed: (1) that a successor to the deceased assignee of C. H. Solomon be appointed; (2) that the receivers of the Exchange Bank of Macon be directed to pay to such successor all dividends due upon said balance; (3) that the court decree the said balance to be, in equity, the property of the estate of C. H. Solomon, and by appropriate order provide for the payment of same to petitioner as executor of the will of C. H. Solomon, upon probate of the will, or to such administrator with the will annexed as might be appointed; (4) that the receivers of the bank be required to show cause why the prayers of the petition should not be granted; and (5) for general relief.

The defendants demurred to the petition on the grounds: (1) the prayers are not pertinent or germane to the cause in which petitioner seeks to be made a party; (2) the petition is multifarious and uncertain, and seeks to combine prayers for inconsistent and conflicting relief; (3) the petitioner has a complete and adequate remedy at law in the appointment of a receiver or assignee as successor to the deceased assignee; (4) the respondents (receivers of Exchange Bank) are not necessary or proper parties to an action for the appointment of such successor or receiver; (5) respondents are not interested in any controversy between petitioner, as executor of the will of C. H. Solomon, and any receiver or assignee so appointed, and it is not proper or equitable

that they should be required to answer the allegations of the petition, showing cause why any sums received by the assignee should not be paid to intervenor, and they should not be charged with the responsibility of saying that payments are made under proper order of court; (6) the relief prayed is not pertinent to the case in which respondents were appointed receivers of the Exchange Bank of Macon; and (7) there is no equity in the petition.

The petition was amended by setting up that the will of C. H. Solomon had been probated in the court of ordinary of Bibb County, and that petitioner had qualified as executor; and praying that he be permitted to prosecute his petition for intervention, and be granted the relief prayed in his official capacity. Respondents then demurred on the ground that " proper parties plaintiff are not made, in that the beneficiaries of the assignment have not been made parties to said application, and no beneficiary of said assignment is applying for relief." Error was assigned upon the judgment of the court overruling the demurrers.

*A. L. Miller, Jones, Park & Johnston,* and *C. Baxter Jones,* for plaintiffs in error. *Walter T. Johnson,* contra.